UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED

OCT 12 2005

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-595-GWU

MARTHA TRENT,                                          PLAINTIFF,

VS.                    **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                       DEFENDANT.

## INTRODUCTION

The plaintiff appeals from the negative decision of the Commissioner of Social Security on her application for Disability Insurance Benefits (DIB). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

Trent

4.     Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.     Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.     Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.     Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

2

Trent

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. <u>Garner</u>, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. <u>Cf. Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. <u>Hardaway v. Secretary</u>, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. <u>Jones</u>, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

3

Trent

whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

Trent

or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. <u>Id</u>. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. <u>E.g., Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

Trent

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency

6

Trent

may be required to consult a vocational specialist. <u>Damron v. Secretary</u>, 778 F.2d
279, 282 (6th Cir. 1985). Even then, substantial evidence to support the
Commissioner's decision may be produced through reliance on this expert testimony
only if the hypothetical question given to the expert accurately portrays the plaintiff's
physical and mental impairments. <u>Varley   v. Secretary of Health and Human
Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Martha Trent, was found by an Administrative Law Judge (ALJ)
to have "severe" impairments consisting of an affective mood disorder and an
anxiety disorder. (Tr. 18). Nevertheless, based in part on the testimony of a
vocational expert (VE), the ALJ determined that the plaintiff retained the residual
functional capacity to perform her past relevant work as a waitress, cook, and
denture model maker and, therefore, was not entitled to benefits. (Tr. 24-6). The
Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ had asked the VE whether a person of
the plaintiff's age, education, and work experience could perform any jobs if she had
no exertional limitations, but had a moderately restricted ability to relate co-workers,
maintain attention and concentration, handle detailed instructions, and perform at a
consistent pace. (Tr. 74-5). The VE responded that such a person could perform
all the plaintiff's past relevant work. (Tr. 75). In the alternative, the ALJ offered a

7

hypothetical based on the opinion of the plaintiff's treating psychiatrist, Dr. William
Briscoe, which was that the plaintiff would have "poor or no" ability to relate co-
workers, deal with the public, deal with work stresses, and maintain attention and
concentration, and would have between a "seriously limited but not precluded" and
no useful ability to behave in an emotionally stable manner and relate predictably in
social situations. (Tr. 75-6). With these limitations, the VE testified that there would
be no jobs that the plaintiff could perform. (Tr. 76).

The ALJ found that Dr. Briscoe's limitations were not controlling, and
accepted the VE's answer to the first hypothetical question, which reflects the
residual functional capacity found in a previous, final ALJ decision dated February
1, 2001. (Tr. 24, 88-9).

As one of his reasons for discounting the treating physician's restrictions, the
ALJ stated that Dr. Briscoe's opinion regarding residual functional capacity was
given in November, 2002, "over eight months since he had last treated the claimant."
(Tr. 22). However, as the plaintiff points out, there are office notes reflecting
treatment by Dr. Briscoe and an associated psychological counselor, Judy Lipps,
showing office visits and prescriptions given well into 2003, although the exact dates
are partially cut off on the pages in the Court's copy of the administrative transcript.
(Tr. 279-91). Briscoe very clearly reviewed Lipps' information as treatment

8

Trent

progressed. (E.g., letter at Tr. 197, "OK" indications and prescriptions at Tr. 282,

284). In any case, it is clear that Dr. Briscoe retained a longitudinal view of the

plaintiff's treatment, which is one of the key reasons an opinion from a treating

source is given greater weight than an opinion of a non-examiner. Walker v.

Secretary of Health and Human Services, 980 F.2d 1066, 1070 (6th Cir. 1992).

Discounting his opinion because he had not seen Mrs. Trent for eight months was

an error. Moreover, Dr. Briscoe had initially diagnosed an anxiety disorder with

panic attacks and co-dependency at the plaintiff's initial office visit in April, 2000 (Tr.

208-9), later adding major depression superimposed on a panic disorder (Tr. 197),

and continued to prescribe medications such as Zoloft and Remeron, as well as

Trazodone, Remeron and Minipres (Tr. 199, 206, 282, 287). The plaintiff did report

some improvement on medication and there are references in the notes to her

condition being stable, as indicated by the ALJ, but there also references to her still

having "bad" depression and being anxious about leaving her house (Tr. 284, 286).

The only examining source to reach a contrary conclusion from Dr. Briscoe

was Dr. Kevin Eggerman, who examined Mrs. Trent on one occasion in September,

2003, and opined that the plaintiff's "pain disorder with agoraphobia" and depressive

disorder were both in partial remission, and she was moderately limited in her ability

to respond appropriately to work pressures in the usual work setting, and only mildly

9

Trent

to moderately limited in her ability to interact appropriately with the public, supervisors, and co-workers. (Tr. 294-9). While Dr. Eggerman signed a form dated September 16 indicating that he had reviewed Dr. Briscoe's records, there is no discussion of these records in his evaluation, dated September 6. Therefore, no rationale is given by the consultative examiner for disagreeing with the treating physician's opinion. State agency non-examining reviewers did not see all of the evidence from Dr. Briscoe.

A remand will be required for further consideration of the treating physician opinion.

This the ___12___ day of October, 2005.

G. WIX UNTHANK
SENIOR JUDGE